**REVISED June 5, 2014**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40727

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

EZEQUIEL LOPEZ-HERNANDEZ, also known as Juan Carlos Mendoza,

Defendant – Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-21-1

Before KING, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Ezequiel Lopez-Hernandez is a Mexican citizen who entered the United States without authorization in 2009. In September 2011, using the alias "Juan Carlos Mendoza," he was arrested by the Beeville, Texas police department for drunk driving. In June 2012, he was placed on probation for this offense. At that time, he submitted a document to his probation officer

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40727

containing a false social security number that in fact belonged to a different person. In November 2012, Lopez-Hernandez was arrested once again by the Beeville police department, this time for assault causing bodily injury and evading arrest. During the booking process, he orally provided the same false social security number that he had previously used, and the booking officer wrote the number on his fingerprint card.

Based on these incidents, Lopez-Hernandez was indicted on two counts of using a false social security number, in violation of 42 U.S.C. §  408(a)(7)(B). His motion to dismiss the indictment on various grounds was denied by the district court. Following a bench trial, he was convicted on both counts and sentenced to time served (approximately seven months) plus two years supervised release.

On appeal, Lopez-Hernandez argues that § 408(a)(7)(B), properly construed, does not reach his conduct. The statute, which is contained in the subchapter of title 42 dealing with social security old-age, survivor, and disability insurance benefits, punishes anyone who, with the intent to deceive, falsely represents a number to be his social security number

> for the purpose of causing an increase in any payment authorized under this subchapter (or any other program financed in whole or in part from Federal funds), or for the purpose of causing a payment under this subchapter (or any such other program) to be made when no payment is authorized thereunder, or for the purpose of obtaining (for himself or any other person) any payment or any other benefit to which he (or such other person) is not entitled, *or for the purpose of obtaining anything of value from any person, or for any other purpose*.

42 U.S.C. § 408(a)(7)(B) (emphasis added). Citing the rule of *ejusdem generis*, Lopez-Hernandez argues that "reading the 'anything of value' and 'for any other purpose' clauses to literally mean *anything* of value and for *any* other purpose would render the specific enumerations that precede these clauses

2

superfluous." *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 114-15 ("[W]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words.") (quotation omitted). Lopez-Hernandez therefore argues that the "anything of value" and "for any other purpose" clauses "ought to be limited to things of value and other purposes that similarly relate to payments and benefits under federal programs or programs with a sufficient federal connection."

We have previously rejected such a constrained reading of § 408(a)(7)(B).

> There is little doubt that [§ 408(a)(7)(B)[1]] was originally designed for the sole purpose of preventing any person from obtaining federal benefits by using a fraudulent social security number. . . . In 1976, however, the reach of the penalty became substantially broader; the statute was amended to include not only those who sought unauthorized or excessive federal benefits, but also those who misused social security numbers "for any other purpose."

*United States v. Silva-Chavez*, 888 F.2d 1481, 1482 (5th Cir. 1989). We noted the legislative history suggesting that Congress intended to prohibit the wrongful use of social security numbers generally, and explained that the rule of *ejusdem generis* "may not be used to defeat the obvious purpose of legislation." *Id.* at 1483-84. That case involved a defendant who used a false social security number in applying for a Louisiana drivers' license and was issued a license containing the false social security number. *See id.* at 1481. Lopez-Hernandez contends that *Silva-Chavez* is distinguishable because, unlike the defendant in that case, he did not use a false social security number to obtain an official document. However, nothing in *Silva-Chavez* supports such a distinction, and we perceive no reason why § 408(a)(7)(B) should not apply to a defendant who uses a false social security number to conceal his

---

[1] This subsection was previously numbered 408(g)(2).

illegal presence in the United States and avoid deportation. *See also United States v. McDow*, 27 F.3d 132, 137 (5th Cir. 1994) ("Section 408 . . . requires only the submission of the false number to any person, 'with intent to deceive.'"); *United States v. Shivley*, 927 F.2d 804, 809 (5th Cir. 1991) ("To obtain a conviction under this statute, the government must prove that [the] defendant (1) for any purpose, (2) with intent to deceive, (3) represented a particular social security account number to be his or another person's, (4) which representation was false.") (quotation omitted).

The judgment of the district court is AFFIRMED.